UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| WILLIAM MORAL LEWIS, | )<br>) |
| Movant, | )<br>) |
| v. | ) Case No. CV405-29<br>) |
| UNITED STATES OF AMERICA, | )<br>) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Movant has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal prison sentence. For the reasons that follow, the Court recommends that the motion be DENIED.

I. BACKGROUND

Movant was indicted by a federal grand jury on July 10, 2003 with four codefendants. Doc. 1. The indictment was superceded on September 11, 2003. Doc. 118. Count one charged movant with conspiracy to manufacture and distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846. Id. Counts four, six, and seven charged

movant with possession with intent to distribute a quantity of methamphetamine in violation of 21 U.S.C. § 841(a)(1). Id. Count five charged movant with possession of pseudoephedrine, a List I chemical, with intent to manufacture methamphetamine in violation of 21 U.S.C. § 841(c)(1). Id.

On October 31, 2003, movant pled guilty to count six of the superseding indictment. Docs. 131, 137. The probation officer then prepared a presentence investigation report in which he determined that movant's base offense level was 32 based on his involvement with 1,386 kilograms of marijuana. The probation officer also recommended a two level U.S.S.G. § 2D1.1(b)(1) enhancement for possession of a firearm, and a three level reduction for acceptance of responsibility pursuant to U.S.S.G. §3E1.1(a) and (b). These determinations left movant with a total offense level of 31, criminal history category III, with an applicable sentencing range of 135 to 168 months' imprisonment. Movant did not object to the PSI before or at sentencing.

On February 19, 2004, the Court sentenced movant to 135 months' imprisonment, three years' supervised release, $1,552.75 in restitution, and

a $100 special assessment. Judgment was entered on February 20, 2004. Movant did not appeal his sentence. Thus, his conviction became final on March 5, 2004 when the ten day period for filing a notice of appeal expired. Fed. R. App. P. 4(b)1)(A)(i); Fed. R. App. P. 26(a)(2).

On April 5, 2004, movant filed a motion to withdraw his guilty plea. Doc. 166. The Court construed this motion as made pursuant to 28 U.S.C. § 2255 and afforded him 30 days to supplement or withdraw. Movant withdrew the motion. On February 14, 2005, movant executed the instant § 2255 motion.

In his motion, movant raises a number of claims:

(1) counsel was ineffective because he allegedly told movant that he would receive a sentence of approximately 60 months' imprisonment; failed to assist movant in filing objections to the PSI, and misadvised him on other aspects of the case;

(2) his plea was not knowingly, intelligently and voluntarily entered into because his attorney did not explain the effect of relevant conduct on his sentence, the AUSA misadvised him as to what he needed to say during the Rule 11 hearing, and he did not understand his Sixth Amendment rights; and

(3) his sentence was improperly enhanced two levels for possession of a firearm.

## II. ANALYSIS

### A. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, movant must satisfy the two-part test established by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). First, movant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Id.</u> at 687. Second, movant must demonstrate that the defective performance prejudiced his defense to such a degree that the results of the trial are called into question. <u>Id.</u>

Under the first prong, deficient performance is "that which is objectively unreasonable and falls below a wide range of competence demanded of attorneys in criminal cases." <u>Cross v. United States</u>, 893 F.2d 1287, 1290 (11th Cir. 1990). The reasonableness of the attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. <u>Strickland</u>, 466 U.S. at 690. The movant must carry a heavy burden, as "reviewing courts must

4

indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (citation omitted).

Under the prejudice prong, a movant must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Strickland, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

In his motion, movant makes four claims of ineffective assistance of counsel. First he claims that his counsel was ineffective because he advised him that he would receive a sentence of approximately 60 months' imprisonment, when he actually received a sentence of 135 months' imprisonment. Second, he asserts that his counsel was ineffective for failing to review the PSI with him and for failing to assist him with objections. Third, movant contends that his counsel misadvised him in many important aspects of his case. Lastly, movant claims that his counsel

5

was ineffective for failing to warn him of the consequences of his relevant conduct on his sentence. The Court will address each of these claims below.

### *Sentence Estimate*

Even assuming that counsel did in fact advise movant that he would receive a sentence of 60 months' imprisonment, the record shows that movant was at least twice advised that he could be sentenced to as much as 20 years' imprisonment. The plea agreement so provided. Doc. 137. Again, at his Rule 11 hearing, the Court explained that the maximum penalty that could be imposed was a 20-year term of imprisonment. Rule 11 Tr. at 13-15. The Court also asked movant: "Do you understand that what your lawyer has told you about the guidelines is only a guess or an estimate based on what you have told him about what you have done, and what he has been able to learn from the government?" Id. Movant replied: "Yes, sir." Id. The Court further advised movant: "The sentence that you receive may not be what your lawyer has estimated it to be because at this time neither you, your lawyer, the probation office, the Court, nor anyone else knows exactly what your guidelines will be." Movant stated that he understood that. Again, the Court advised movant: "Even though the

sentence you may receive may be more severe than you or your lawyer have anticipated, you are still bound by your plea of guilty and you may not withdraw it." Id. Movant stated that he understood and pled guilty despite this warning. Regardless of what his attorney predicted his sentence might be, movant has not shown that he was prejudiced because he was clearly informed in the plea agreement and by the Court at the Rule 11 hearing that his sentence might be higher than counsel anticipated. This claim is without merit.

### *Objections to the PSI*

Movant has also claimed that his counsel was ineffective because he did not help him make objections to the PSI. At the Rule 11 proceedings, the Court advised movant that

> [t]he United States Probation office will conduct a presentence investigation. When that investigation is complete they will file a report. A copy of the report will be available to you, Mr. Lewis, and to your counsel, and to counsel for the government. When you receive it, you should review it carefully with your lawyer. If you and your lawyer think that it contains any errors, or if you think it needs any corrections, you can call those errors or objections to the attention of [the] probation officer. If you cannot resolve those matters with the probation officer prior to sentencing, then the Court will resolve them at the time of sentencing.

7

Rule 11. Tr. at 23. At his sentencing hearing, movant advised the Court that he and his attorney had read and reviewed the PSI. Sent. Tr. at 4. When asked whether there were any objections to the factual accuracy of the report, or to the probation officer's application of the sentencing guidelines, movant's counsel stated that they had no objections. Id. Before sentence was imposed, the Court asked movant if he had "anything else" to be addressed. Id. at 6. Movant personally replied, "No, sir." At no time did movant voice any objection to the PSI or the sentence imposed. Id. at 4, 6, 12. Movant's declarations in open court carry a strong presumption of veracity, which is not overcome by the subsequent presentation of conclusory and contradictory allegations. Blackledge v. Allison, 431 U.S. 63, 74 (1977).

Moreover, movant has failed to identify any errors in the PSI that he would have objected to had his attorney's performance been more to his liking. He states only that his counsel "failed to assist him with P.S.I. objections," and that he did not learn "until later that [he] could object [to] some things on my PSI." Doc. 1 at p. 5. Without asserting any basis on which objections should or could have been made, petitioner has not shown

that his counsel's performance was deficient or that he was prejudiced by his counsel's failure to object. Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992) (per curiam) (holding that where § 2255 movant asserts ineffective assistance for failure to object to the PSI, but fails to suggest factual basis for such objection, movant does not establish deficient performance or prejudice). Therefore, this claim, too, must fail.

### *Misadvice*

Lastly, movant claims that his counsel was ineffective because he "mis-advised me in many other important aspects of my case." Doc. 1 at p. 5. Movant does not identify the nature of the alleged "misadvice" counsel allegedly gave him, nor does he provide factual support for this claim. Such conclusory allegations do not entitle movant to § 2255 relief. Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991).

### B. Guilty Plea

Movant claims that his guilty plea was not entered knowingly, intelligently, or voluntarily. Specifically, movant states that his attorney did not adequately warn him of that the dismissed counts would be considered as relevant conduct in the calculation of his sentence, that the